**PORTLAND COPPER & TANK WORKS, INC., Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 6510.**

United States Court of Appeals First Circuit.

Heard Sept. 14, 1965.

Decided Oct. 14, 1965.

---

John M. Doukas, Washington, D. C., with whom Maloney, Williams, Baer & Doukas, Boston, Mass., was on brief, for petitioner.

Loring W. Post, Atty., Dept. of Justice, with whom John B. Jones, Jr., Acting Asst. Atty. Gen., and Lee A. Jackson and Harry Baum, Attys., Dept. of Justice, were on brief, for respondent.

Before ALDRICH, Chief Judge, J. WARREN MADDEN, Senior Judge, Court of Claims * and JULIAN, District Judge.

PER CURIAM.

Essentially this case involves the single question whether an accrual taxpayer which has received payments under subcontracts subject to renegotiation under goverment procurement statutes may set up as a reserve, and accordingly deduct from gross income, amounts which by assertedly and, we will assume, concededly, proper accounting methods it appeared during the taxable year would later have to be repaid. The Tax Court rejected taxpayer's contention. 43 T.C. 182. We have little to add to its opinion. It does not help taxpayer for the court to find that these reserves were minimum amounts. It is the existence of any reserve, not the amount, which is in controversy. Taxpayer's contracts with the prime contractor gave it a right to receive full payment, and no negotiations resulting in a readjustment of the contracts in question took place during the taxable year. The fact that as to some of the contracts taxpayer made a specific offer in settlement of its obligation to renegotiate established nothing. Since the offers had not been accepted, they could be withdrawn. We agree with the Tax Court that there was nothing inherently improper in requiring taxpayer to wait and proceed under 26 U.S.C. §§ 1341 and 1482.

Affirmed.

* Sitting by designation.